UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTRANICK HARRENTSIAN,

               Plaintiff,

         v.

BANK OF AMERICA, N.A.,

               Defendant.

No.  2:25-cv-03132-DC-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff proceeds pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21).  Before the Court is Defendant's Motion to Dismiss (ECF No. 6) which seeks to dismiss plaintiff's complaint in its entirety.  For the reasons stated below, the Court recommends Defendant's motion be **GRANTED IN PART**, dismissing Plaintiff's federal Electronic Fund Transfer Act ("EFTA") claim and remanding his state breach of contract claim to state court.

## BACKGROUND & PROCEDURAL HISTORY

### I.    Plaintiff's Complaint

Plaintiff Antranick Harrentsian filed this action in the Superior Court of Sacramento County on August 20, 2025.  ECF No. 1, Exhibit ("Ex.") A.  Defendant removed the action to this

1

Court on the basis that Plaintiff alleged claims under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693.  ECF No. 1.

Plaintiff alleges that in early 2020, he was "deathly sick" with pneumonia, and his former friend, Parviz Shirinzad, offered to help claim his unemployment benefits from the California Employment Development Department ("EDD").  ECF No. 1, Ex. A at 3 ¶ 8.  Mr. Shirinzad allegedly informed Plaintiff that "his application was denied," but Plaintiff later received a letter from the IRS informing him that it had added $16,812 in unemployment income to his 2021 tax return.  *Id.* ¶¶ 9-10.  After contacting EDD, Plaintiff learned that the application submitted by Mr. Shirinzad had been approved and filed a fraud claim with Bank of America ("Bank"), as directed by EDD.  *Id.* ¶ 11.

Plaintiff alleges that he later discovered numerous acts of fraud involving his personal information and subsequently filed a report with the Sacramento County Sheriff's Department and Bank.  *Id.* at 4 ¶¶ 12-13.  On a phone call with a Bank representative, Plaintiff was told that he was not responsible for the unauthorized transactions and that Bank was required to reimburse him for the transaction amounts.  *Id.* ¶ 13.  On May 15, 2024, Bank denied all three of Plaintiff's fraud claims.  *Id.* ¶ 16.  Plaintiff alleges that none of the claim denial letters reported investigations of ATM camera footage, despite the majority of unauthorized activity occurring at Bank ATMs.  *Id.* at 6 ¶ 25.  Plaintiff also alleges that he requested a copy of the documents Bank used to make its decision, but he was only provided a list of "Posted Transactions" for each claim.  *Id.* ¶ 23.  He was not provided the IRS letter or the Sacramento County Sheriff Department incident report that he submitted as evidence for his fraud claims.  *Id.* at 4,6 ¶¶ 14, 26.

Pursuant to the customer error resolution section of Bank's contract with EDD, once a dispute is filed, Bank is allegedly obligated to promptly correct the error within ten business days or, if more time is needed, it would temporarily credit the cardholder's account for the full disputed amount until the claim is resolved.  *Id.* at 5 ¶¶ 18-19.  Further, according to Bank's "Zero Liability" policy, it allegedly promised to protect customers from financial consequences if their EDD debit card or account was fraudulently used or accessed by third parties.  *Id.* ¶ 20.  Also, "[a]ccording to the Consumer Financial Protection Bureau ("CFPB"), upon receiving a

2

notice of error from an unemployment benefit prepaid debit cardholder concerning alleged unauthorized EFTs, [Bank] is required to conduct its investigation pursuant to [15 U.S.C. §§ 1693f and 1693g and C.F.R. § 1005.11]." *Id.* ¶ 21.  Plaintiff alleges that a satisfactory investigation must include reviewing ATM camera footage if the alleged unauthorized activity occurred at a Bank ATM.  *Id.* ¶ 22.  Additionally, a July 2022 a Bank of America Consent Order, imposed by the CFPB, mandated Bank's to "reasonably consider all information relevant to unemployment insurance benefit prepaid debit cardholder's notice of error, including, but not limited to, information within [Bank's] own records" when conducting an Error Resolution Investigation.  *Id.*

Plaintiff alleges that Bank's actions violate the EFTA for failure to conduct a proper investigation.  *Id.* ¶ 21.  Plaintiff also alleges that Bank's actions constitute a breach of contract for (1) failure to timely and reasonably investigate and resolve his claims, (2) failure to reimburse plaintiff for the unauthorized transactions, and (3) failure to provide plaintiff with provisional credit when Bank's investigation exceeded ten business days.  *Id.* at 6 ¶ 28.  Plaintiff requests monetary damages in the amount $36,358.40.  *Id.* at 7.

**II.    Bank's Motion to Dismiss**

Bank filed a Motion to Dismiss on December 2, 2025.  ECF No. 6.  In its motion, Bank argues that both of Plaintiff's claims are time-barred.  *Id.* at 8-10.  Specifically, Bank argues that the EFTA claim is barred by the statute of limitations, and the breach of contract claim is similarly time-barred because it "simply seeks to repackage his EFTA claim."  *Id.* at 9.  In the alternative, defendant argues that Plaintiff fails to state a claim for breach of contract because he has not adequately pled the existence of a valid contract between himself and Bank; and he fails to allege the elements of performance and breach.  *Id.* at 11-12.  Finally, Bank argues that it is impossible for Plaintiff to cure the defects of his complaint through amendment, so his claims should be dismissed with prejudice.  *Id.* at 14.

**III.    Plaintiff's Opposition & Bank's Reply**

Plaintiff failed to file an opposition by the December 16, 2025 deadline; however, in consideration of his pro se status, the Court *sua sponte* extended the deadline to February 17,

3

2026. ECF No. 10 (Minute Order). Plaintiff filed an opposition on February 17, 2026. ECF No. 11. In his opposition, Plaintiff argues that Bank's motion should be denied because his EFTA claim is not time-barred and he did adequately plead the existence of a contract between himself and Bank. *Id.* at 2-5.

Bank filed a timely reply (ECF No. 12) on February 27, 2026. In its reply, Bank largely reiterates the points raised in its Motion to Dismiss, arguing that Plaintiff's claims are time-barred and that he fails to state a claim for breach of contract because he has not identified a valid contract between himself and Bank or adequately alleged the "necessary elements" of performance and breach. ECF No. 12 at 2-4. With respect to its time-bar defense, Bank also adds that Plaintiff's allegation that Bank did not issue a final denial of his claims until September 19, 2024 is not properly before the court because it was not pled in his original complaint but raised in his opposition. *Id.* at 2.

### LEGAL STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true all well-pleaded factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an

4

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

### I.   EFTA

#### A.  Whether Plaintiff's Claim is Time-Barred

Bank argues that Plaintiff's EFTA claim is untimely because he failed to bring the instant action within one year of accrual of his alleged unauthorized transactions.  The Court agrees.

15 U.S.C. § 1693m(g) provides a one-year timeframe to bring EFTA claims and specifies that claims accrue upon the completion of the unauthorized transaction.  By his own allegations, Plaintiff demonstrates that he did not bring his claim within the required time parameters.  In his complaint, Plaintiff alleges that in "early 2020," Mr. Shirinzad submitted an application for unemployment benefits on his behalf, falsely informed him that the application had been denied, and collected the benefits that had actually been approved. *See* ECF No. 1, Ex. A at 3 ¶¶ 8-11. Plaintiff does not specify the frequency of the unemployment benefit distributions or whether Mr. Shirinzad withdrew them periodically or all at once.  Plaintiff only alleges that in "early 2024," he received a letter from the IRS informing him that an additional $16,812 in unemployment income had been added to his 2021 tax return. *Id.* ¶ 10.  It logically follows that Mr. Shirinzad withdrew $16,812 from Plaintiff's account no later than the 2021 tax reporting year.  Even giving Plaintiff the benefit of this extended accrual date, his EFTA claim would have become untimely no later than the end of the 2022 calendar year, clearly time-barring the instant action because he did not file suit until August 2025, almost three years later.  That Plaintiff alleges he only discovered the theft in early 2024 through the IRS letter does not save his EFTA claim.  Relevant doctrines,

including delayed discovery, continuing violation, and equitable estoppel, do not apply to save Plaintiff's claim.

First, in order for the delayed discovery rule to toll the statute of limitations, a plaintiff is required to demonstrate reasonable diligence in discovering the critical facts regarding the cause of his injury. *See Gomez v. JP Morgan Chase Bank, N.A.*, No. 3:22-cv-01773-JAH-DEB, 2024 WL 2243243, at *6 (S.D. Cal. Mar. 26, 2024) (citing *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002) (explaining that the discovery rule causes the statute of limitations to run when a plaintiff knows, or reasonably should have known, critical facts regarding the cause of his injury). Plaintiff does not set forth any allegations plausibly demonstrating reasonable diligence in checking his account for suspicious activity between 2020, when Mr. Shirinzad applied for unemployment benefits on Plaintiff's behalf, and 2024, when the IRS informed Plaintiff of the increased unemployment income to his 2021 tax return. Reasonable diligence has been exemplified by opening an online banking account, calling the bank to inquire about unreceived bank statements, or verifying and updating personal contact information. *See Gomez*, 2024 WL 2243243, at *6 (citations omitted). Although not an exhaustive list, the fact that Plaintiff fails to proffer even one example "showing that he was not negligent in failing to make the discovery sooner," *id.*, precludes a finding that the discovery rule saves his claim.

Second, application of the continuing violation doctrine requires a plaintiff to show a serial violation, where at least one incident falls within the period of limitations, or a systemic violation that operated, in part, within the limitations period. *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 822 (9th Cir. 2001). However, "[t]here is no applicable 'continuing violation' doctrine to save the claim from the time bar of EFTA if the first recurring transfer falls outside the limitations period, even if there are later transfers which do fall within the period." *Harvey v. Google, Inc.*, 2015 WL 9268125, at *3 (N.D. Cal. Dec. 21, 2015). The Complaint establishes that the first unauthorized transaction occurred outside the statute of limitations period. It is not clear from the complaint whether there were additional recurring transactions or the date of the last transaction. However, the later transactions do not save Plaintiff's claim because the first known unauthorized transaction occurred outside the limitations period.

6

Finally, "a defendant may be equitably estopped from asserting the statute of limitations as a defendant to an admittedly untimely action when his conduct has induced another into forbearing suit within the applicable limitations period." *Rustico v. Intuitive Surgical, Inc.*, 993 F.3d 1085, 1096 (9th Cir. 2021) (quotations and citations omitted).  Plaintiff alleges that a Bank representative informed him that "[he] was not responsible for the unauthorized transactions and that [Bank] was required to reimburse him for the unauthorized transactions."  ECF No. 1 at 4 ¶ 13.  Even assuming that this communication constitutes conduct inducing forbearance of suit, Plaintiff's conversation with the Bank representative occurred *after the statute of limitations expired*; therefore, Plaintiff cannot claim that Bank caused his claim to become untimely when it already had been for several years.  Accordingly, the Court finds that Plaintiff's EFTA claim cannot be remedied with additional factual allegations and recommends dismissal of his EFTA claim without leave to amend.

## II.    Remand of State Claim

In light of recommending Plaintiff's EFTA claim be dismissed with prejudice, the Court also finds it proper to decline supplemental jurisdiction over Plaintiff's breach of contract claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward decline to exercise jurisdiction over the remaining state law claims."); *Destfino v. Kennedy,* No. CV-F-08-1269 LJO DLB, 2009 WL 1212984, at *3 (E.D. Cal. May 4, 2009) ("Ordinarily, if all claims over which a district court has original jurisdiction have been dismissed before trial in a removed action, the remaining state law claims should be remanded to state court.") (citing *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011).  Accordingly, the Court recommends that Plaintiff's breach of contract claim be remanded back to the state court where the suit originated.

## CONCLUSION

**IT IS HEREBY RECOMMENDED:**

1.  Defendant's Motion to Dismiss (ECF No. 6) be **GRANTED IN PART**, dismissing

Plaintiff's EFTA claim and remanding his breach of contract claim to state court; and

2. The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE